LAWRENCE JOHNSON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 12, 1907.)

No. 4,615.

CUSTOMS DUTIES—CLASSIFICATION—CABRETTA SKINS—"WOOL."

The growth on cabretta skins is dutiable as "wool," under Tariff Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 182 [U. S. Comp. St. 1901, p. 1664].

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, p. 7515.]

On Application for Review of a Decision by the Board of United States General Appraisers.

This is an appeal by the importers from a decision of the Board of United States General Appraisers which sustained the classification by the collector of the importations in question, viz., the growth on cabretta skins, as wool, under the provisions in Schedule K, Tariff Act of July 24, 1897, c. 11, § 1, 30 Stat. 182 [U. S. Comp. St. 1901, p. 1664]. The importers contend that it should have been admitted free of duty together with the skins under paragraph 664 of said Act, § 2, Free List, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], relating to skins of all kinds.

Walden & Webster (Henry J. Webster, of counsel), for importers. D. Frank Lloyd, Asst. U. S. Atty.

MARTIN, District Judge (orally). I regard this as a different case from the former suit of the same importers (Lawrence Johnson & Co. v. U. S. [C. C.] 140 Fed. 116) in that the growth on the skins in the case at bar is here proven to be commercially known and understood. This did not appear as a matter of proof in the former case. Otherwise, the two cases are exactly alike. The case in the United States Supreme Court (Goat & Sheepskin Import Company v. U. S., 206 U. S. 194, 37 Sup. Ct. 634, 51 L. Ed. 1022), cited by counsel for the importer, seems to hold that the commercial designation should govern; and the comment of one of the General Appraisers herein would seem to bring this case within that rule, but a majority of the Board held the other way, and followed the decision of Lawrence Johnson & Co., supra. I do not regard the facts in the Goat & Sheepskin Import Co. Case, supra, decided in the Supreme Court, such as to be controlling of this case, and therefore I follow the Lawrence Johnson & Co. Case, notwithstanding the additional evidence adduced. The decision of the Board of General Appraisers is affirmed.